WILLIAM W. BENNETT & another *vs.* AMAZIAH G. SHACKFORD & another.

No mechanic's lien exists for labor performed by the owners of a planing-mill in sawing and planing lumber in their mill, with no agreement between them and their employer as to the use to which the lumber shall be put; although it is in fact afterwards used in a building which he is erecting for another person under a contract.

PETITION to enforce a lien under the mechanics' lien law.

It was agreed in the superior court that the petitioners are the proprietors of a planing-mill, and the respondents were owners of an estate on Paris Street in East Boston ; that the work described in the petition was done by the petitioners by machinery in their planing-mill, at " the request of William Wentworth, who under an agreement with the respondents was erecting buildings on their said estate ; that the work consisted in sawing and planing lumber preparatory to its use in the building of the respondents, and that the same was actually used therein." There was no other question in the case except that arising on the above facts; and judgment was ordered for the petitioners, and the respondents appealed to this court.

*N. Morse,* for the respondents.

*H. W. Paine,* (*A. Cottrell* with him,) for the petitioners.

CHAPMAN, J. By Gen. Sts. *c.* 150, § 1, any person to whom a debt is due for labor performed or furnished in the erection of any building by virtue of an agreement with or consent of the owner, or any person having authority from or rightfully acting for such owner in procuring or furnishing such labor, shall have a lien upon such building to secure the payment of his debt. By § 4, the owner of the building may prevent the attaching of any lien for labor thereon not at the time performed, by giving notice in writing that he will not be responsible therefor. By §§ 5, 7, the lien is dissolved unless the person doing or furnishing the labor shall file a statement and bring a suit within a certain period " after he ceases to labor or furnish labor for such building."

It appears by the agreed statement of facts that the work in

question was done by the petitioners at the request of William Wentworth ; and though it is added that he was then erecting buildings on the estate of the respondents under an agreement with them, yet it is not stated that he agreed with the petitioners that the lumber on which this work was done should be appropriated to these buildings. In the absence of any such agreement he had a right to appropriate it as he pleased, and was not bound to use it in these buildings. We cannot infer that the respondents authorized him to make such an agreement, or that he made it or pretended to make it on their behalf. We must regard the petitioners as laboring for him on his own account, and as having no connection with the appropriation of the lumber to the respondents' buildings, and consequently as having no lien upon the buildings, within the words or intent of the statute. This view is strengthened by the fact that the work was not done in or about the buildings, but at the petitioners' planing-mill, which does not appear to be so situated that the respondents could by the use of reasonable diligence know that the petitioners were performing labor that was afterwards to be appropriated to their buildings and therefore they could have no means of giving the notice which the fourth section authorizes them to give to all laborers who may be entitled to a lien. If the petitioners could establish a lien upon the facts agreed, this provision would be nugatory.

This view is further strengthened by referring to the fifth and seventh sections. The labor of the petitioners done at their mill, under a contract that does not appear to have had any reference to the buildings, cannot be properly regarded as having been performed on the buildings, or in their erection, within the meaning of these sections, and therefore it cannot reasonably be said that there was a time when they " ceased to labor on the buildings," within the meaning of these sections. The labor was not of the character contemplated by these sections.

*Judgment for the respondents.*